IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID D. DUNCAN, IV, (04),<br><br>                Defendant. | Case No. 19-00315-04-CR-W-DGK |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVER, OR IN THE ALTERNATIVE, TO STRIKE STATEMENT FOR DOUBLE-HEARSAY

Comes now the United States of America, by and through Assistant United States Attorney, Ashleigh A. Ragner, and respectfully requests this Court deny the Defendant's Motion to Sever, or in the Alternative, To Strike Statement for Double-Hearsay filed August 8, 2022. (Doc. 750.) The defendant requests the Court sever him from the case, or in the alternative, redact his name from a statement the Government intends to introduce through CHS-1. Any request for severance should be denied as untimely. To the extent the Court reaches the merits, the motion should also be denied because the statement the defendant seeks to strike will be properly admitted into evidence against him, eliminating any claim of prejudice. The Government offers the following in support of its request that the defendant's motion be denied:

### PROCEDURAL HISTORY

On October 1, 2019, an indictment was returned charging the defendant, and several others, with a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Doc. 1.) On January 17, 2020, defense counsel, Josh Adams, entered his appearance on behalf of the defendant. (Doc. 132.) On February 19, 2020, defense counsel, Quinn

Michaelis, also entered her appearance on behalf of the defendant. (Doc. 161.) On May 11, 2020, the Government disclosed the report detailing the statement the defense now seeks to exclude.[1]

On October 13, 2020, a Superseding Indictment was returned adding charges against several members of the conspiracy, including the defendant. (Doc. 234.) In the Superseding Indictment, the defendant is charged with ten offenses, to include: conspiracy to distribute controlled substances; drive-by shooting; discharging a firearm in furtherance of a crime of violence; possession with the intent to distribute oxycodone and hydrocodone; possession of firearms in furtherance of drug trafficking; and money laundering. (Doc. 234.) On October 27, 2020, the defendant was arraigned on the Superseding Indictment. (Doc. 252.)

On November 17, 2020, in its Order continuing the case to the January 21, 2022 trial docket, the Court set the deadline to file pretrial motions as September 1, 2021. (Doc. 271.) On December 9, 2021, based upon a motion joined by several defendants, the Court continued the case off the January 2022 trial docket and set it on the August 2022 trial docket. (Doc. 475.) On June 3, 2022, based on a request by all parties, the jury trial in this case was specially set and is scheduled to begin August 29, 2022. (Doc. 605.) On June 21, 2022, the defendant filed his pending Motion to Sever Counts for Trial. (Doc. 641.)

## **TIMELINESS**

To the extent the defendant's motion generally seeks severance of the defendant from this trial, the Court should deny the defendant's motion without reaching the merits because the motion was filed well out of time. The Superseding Indictment in this case was returned on October 2020. This Court's deadline for filing pretrial motions was September 1, 2021. That deadline was nearly

---

[1] The report is bates stamped FBI_34195-202 and was disclosed electronically through the USAFx.

2

Case 4:19-cr-00315-DGK   Document 775   Filed 08/11/22   Page 2 of 6

sixteen months after the defense had information about CHS-1's statement that they claim provides the basis for severance.  The pretrial deadline was also nearly a year after the defendant was charged in the Superseding Indictment with the drive-by shooting.  The defendant never filed a motion seeking an extension of the pretrial filing deadline.  Then, eleven months after the deadline, and only three weeks before trial, the defendant filed his current motion.  In addition to being out of time, the defendant has not alleged any good cause for his failure to meet the Court's deadline.

"A district court may set a deadline for the parties to file pretrial motions." *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011); *accord* Fed. R. Crim. P. 12(c)(1).  "Court-imposed deadlines are often used to ensure the orderly administration of justice—and quite properly so." *United States v. Santana-Dones*, 920 F.3d 70, 80 (1st Cir. 2019).  "Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of those deadlines in future cases."  *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009).

"If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Fed. R. Crim. P. 12(c)(3).  "This good cause standard gives Rule 12(c) some bite, underscoring the district court's authority to set and enforce motion-filing deadlines." *Santana-Dones*, 920 F.3d 80.  "To show good cause, a party must show both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 891 (8th Cir. 2018).  Good cause requires "a showing of both cause (that is, a good reason for failing to file a motion on time) and prejudice (that is, some colorable prospective of cognizable harm resulting from a failure to allow the late filing)." *Santana-Dones*, 920 F.3d at 81.

The Eighth Circuit has rejected the argument that good cause exists whenever the defendant's failure to file the motion on time "was due to some circumstance beyond his control and the Government would not be prejudiced." *United States v. Blanks*, 985 F.3d 1070, 1073 (8th Cir. 2021). "Further, the possibility that other parties and the court could accommodate a late-filed motion does not mandate that the court grant an exception to the deadline where the movant fails to make an adequate showing of good cause." *Id.* It is not enough to show mere "negligence, oversight, or laziness." *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006).

A motion filed eleven months after the deadline is clearly untimely. The defendant also does not allege good cause for the failure to meet this Court's deadline. Considering the untimeliness of the motion and the lack of any alleged good cause as to why the motion was filed out of time, the motion should be denied.

## **PRIOR RULINGS ON SEVERANCE**

The Court has ruled on three prior motions to sever in this case alone. In April 2021, the Court denied a motion for severance filed by Defendant Edwards. (Doc. 318.) On June 7, 2022, the Court denied a motion for severance filed by Defendant Brown. (Doc. 610.) On July 26, 2022, the Court denied a motion for severance filed by Defendant Smith. (Doc. 704.) To the extent the Court will consider the merits of the request for severance, the government incorporates the authority and arguments asserted in its responses to each of the previous motions to sever (Docs. 266, 555, 665) herein. Even if the Court considers the merits of the severance claim, which it should not, a review of the applicable case law cited by the Government dictates that the motion should be denied.

## ADMISSIBILITY OF STATEMENT

The Government filed a motion in *limine* seeking admission of the statement the defendant seeks to exclude or strike (Doc. 737). The Government incorporates all the authority and arguments therein into this response. The statement at issue is admissible for all the reasons set forth in the Government's previous filing (Doc. 737). The defendant certainly cannot show the prejudice required for severance if the statement is properly admitted against him. The admission of the statement against the defendant eliminates any argument of unfair prejudice, let alone the "severe and compelling" prejudice required to justify severance. Consequently, the defendant's claim for severance, even if considered by the Court, must be denied.

## CONCLUSION

For all the foregoing reasons, the Government respectfully requests the Court deny the defendant's motion to sever, or in the alternative, strike the statement for double hearsay.

    Respectfully submitted,

    Teresa A. Moore
    United States Attorney

By  /s/Ashleigh A. Ragner

    Ashleigh A. Ragner
    Assistant United States Attorney
    Violent Crime & Drug Trafficking Unit
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 11, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                      /s/Ashleigh A. Ragner
                                      Ashleigh A. Ragner
                                      Assistant United States Attorney

6

Case 4:19-cr-00315-DGK   Document 775   Filed 08/11/22   Page 6 of 6