IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CR-00315-04-DGK |
| DAVID DUNCAN, IV, | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT DUNCAN'S MOTION FOR ACQUITTAL**

Pending before the Court is Defendant David Duncan's motion for judgment of acquittal.[1] ECF No. 902. For the following reasons, the motion is DENIED.

Federal Rule of Criminal Procedures 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Eighth Circuit has cautioned that "[a] motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (citation omitted). In ruling on such a motion, "the court can neither weigh the evidence nor assess the credibility of the witnesses." *Id.* The court draws all reasonable inferences and resolves all evidentiary conflicts in favor of the jury's verdict, but "the government is not entitled to inferences based on conjecture and speculation." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010).

---

[1] Although the motion references Rule 33—which pertains to a motion for a new trial—in its opening paragraph, the motion only asks the Court to enter a judgment of acquittal on Counts 6, 7, 25, 26, 35, 36, 37, 38, and 39, not order a new trial.

In support of his motion, Defendant argues that there was insufficient evidence of a drive-by shooting to support a conviction on Count 6 (firing a weapon into a group of two or more persons in furtherance of a major drug offense) or Count 7 (discharging a firearm in furtherance of a crime of violence, namely a drive-by shooting) because there was no eyewitness testimony or other visual evidence of the shooting. These arguments are unavailing because there was testimony from a confidential informant who testified about a co-conspirator's statements about the drive-by shooting, and the informant's information is corroborated by other evidence of the shooting, including physical evidence. So the evidence in the record as a whole permits a finding that Defendant was guilty on Counts 6 and 7.

Defendant also contends there was insufficient evidence to convict him of money laundering on Counts 35, 36, 37, 38, and 39 because there was no attempt to conceal the source of his income, or that his income was the proceeds of drug activity. These arguments are without merit because the record as a whole contains ample evidence that Defendant had no legal source of income, had income from distributing drugs, and purchased a series of money orders paying his bills to conceal the actual source of his income.

Next, Defendant argues there is insufficient evidence to sustain a conviction on Counts 25 (possession with intent to distribute oxycodone and hydrocodone) and 26 (possession of firearms in furtherance of drug trafficking crime) because of alleged deficiencies in the evidence against him (e.g., the drug ledger at issue included the name of his brother, who had been deceased for several years; the firearms in question were found at his home; his aunt, Bridgette Duncan, testified that at least one watch found in his home belonged to his father; etc.). These arguments are unavailing because they invite the Court to do things it cannot do: re-weigh the evidence by discounting the drug ledger and assess the credibility of a witness by giving more credit to Ms. Duncan's testimony than the jury did.

Finally, Defendant contends the Court erred by permitting the Government to use rap lyrics as substantive evidence. This argument is without merit because under Eighth Circuit precedent this evidence was relevant, admissible, and not unfairly prejudicial—particularly in the limited way the Government used it.

The motion is DENIED.

**IT IS SO ORDERED.**

Date:  November 18, 2022              /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT